**DIRECTORY SERVICES, INC.,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18169.

United States Court of Appeals
Eighth Circuit.

Nov. 22, 1965.

Miles W. Lord, U. S. Atty., and Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., submitted motion to dismiss.

Ronald I. Meshbesher, of Robins, Meshbesher & Krischbaum, Minneapolis, Minn., submitted brief in opposition to motion to dismiss appeal.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges.

PER CURIAM.

This case is before us upon the motion of the Government to dismiss this appeal taken by Directory Services, Inc., from an order of the District Court denying the petition of Directory Services, Inc., for a protective order "directed to the United States Attorney, commanding him to allow any officer of Directory Services, Inc., to be accompanied in the Grand Jury Room with counsel and to allow counsel to remain in the Grand Jury Room during all the questioning of any said officer."

A subpoena duces tecum was issued and served upon Directory Services, Inc., directed to Lloyd Spinar or any officer of the corporation, ordering an appearance before the Federal Grand Jury at Minneapolis, to testify and to bring with them certain described records of the corporation. The petition filed by Ronald I. Meshbesher, as attorney for Directory Services, Inc., alleges the issuance and service of the subpoena and asserts there is reason to believe that the Grand Jury investigation is directed at obtaining evi-

dence under which an indictment might be returned against the corporation or its officers and that a constitutional right exists to be represented by counsel before the Grand Jury. The court denied the petition and entered a stay order withholding enforcement of the subpoena until disposition of this case upon appeal.

The Government has filed a motion to dismiss the appeal upon a number of grounds, including the ground that the order entered is not a final order and that hence no appeal lies from such order. Appellant urges that jurisdiction exists by reason of 28 U.S.C.A. § 1291, which authorizes appeals from final orders of the District Court. We find nothing in such statute or any other statute or rule which authorizes this appeal.

In Cobbledick v. United States, 309 U. S. 323, 60 S.Ct. 540, 84 L.Ed. 783, the Court held orders denying motion to quash subpoenas duces tecum directing appearances before the Grand Jury are not final orders from which an appeal lies. The Court quotes from Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686, as follows:

> " 'In a certain sense finality can be asserted of the orders under review; so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go further and punish the witness for contempt of its order,—then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case. * * * This power to punish being exercised, the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit.' " 309 U.S. 323, 327, 60 S.Ct. 540, 542.

It then observes that the Grand Jury is part of the judicial process and that the principles announced in Alexander should be applied to the case before it, and states:

> "It is no less important to safeguard against undue interruption the inquiry instituted by a grand jury than to protect from delay the progress of the trial after an indictment has been found. Opportunity for obstructing the 'orderly progress' of investigation should no more be encouraged in one case than in the other. That a grand jury proceeding has no defined litigants and that none may emerge from it, is irrelevant to the issue. The witness' relation to the inquiry is no different in a grand jury proceeding than it was in the Alexander case. Whatever right he may have requires no further protection in either case than that afforded by the district court until the witness chooses to disobey and is committed for contempt." 309 U.S. 323, 327–328, 60 S.Ct. 540, 542.

In DiBella v. United States, 369 U.S. 121, 131, 82 S.Ct. 654, 7 L.Ed.2d 614, the Court cites and follows Cobbledick. The strong policy against allowing interlocutory appeals is stressed and it is stated that such policy particularly applies to criminal proceedings. Motions to suppress evidence alleged to have been obtained through illegal search and seizure were there involved. The Court holds:

> "[T]he mere circumstance of a preindictment motion does not transmute the ensuing evidentiary ruling into an independent proceeding begetting finality even for purposes of appealability. Presentations before a United States Commissioner, Go-Bart Importing Co. v. United States, 282 U.S. 344, 352–354, 51 S. Ct. 153, 156–157, 75 L.Ed. 374, as well as before a grand jury, Cobbledick v. United States, 309 U.S. 323, 327, 60 S.Ct. 540, 542, 84 L.Ed. 783, are parts of the federal prosecutorial system leading to a criminal trial.

Orders granting or denying suppression in the wake of such proceedings are truly interlocutory, for the criminal trial is then fairly in train. When at the time of ruling there is outstanding a complaint, or a detention or release on bail following arrest, or an arraignment, information, or indictment—in each such case the order on a suppression motion must be treated as 'but a step in the criminal case preliminary to the trial thereof.'" 369 U.S. 121, 131, 82 S.Ct. 654, 660.

Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609, illustrates the avenues yet open to appellant and its officers before they are subject to punishment for contempt. The Court says:

"A grand jury is clothed with great independence in many areas, but it remains an appendage of the court, powerless to perform its investigative function without the court's aid, because powerless itself to compel the testimony of witnesses. It is the court's process which summons the witness to attend and give testimony, and it is the court which must compel a witness to testify if, after appearing, he refuses to do so.

"When the petitioner first refused to answer the grand jury's questions, he was guilty of no contempt. He was entitled to persist in his refusal until the court ordered him to answer. Unless, therefore, it was to be frustrated in its investigative purpose, the grand jury had to do exactly what it did—turn to the court for help. If the court had ruled that the privilege against self-incrimination had been properly invoked, that would have been the end of the matter. Even after an adverse ruling upon his claim of privilege, the petitioner was still guilty of no contempt. It was incumbent upon the court unequivocally to order the petitioner to answer." 359 U.S. 41, 49–50, 79 S.Ct. 539, 546.

A court order requiring a witness before the Grand Jury to answer a specific question propounded to him is required to lay the foundation for a contempt charge. At such hearing before the court, the witness can be represented by counsel. Of course the witness can also fully consult with counsel before appearing before the Grand Jury.

In our present case, no officer of the appellant has yet appeared before the Grand Jury. No court order has been entered requiring the answer to any specific question. No foundation has yet been laid for a contempt citation. 17 Am.Jur.2d, Contempt § 30.

■ Upon the basis of the reasoning of the cases we have cited and discussed, we believe it to be clear that the judgment appealed from does not constitute a final order.

■ If the merits of the appeal were reached, appellant would be no better off. The Government has also moved to dismiss upon the ground that the appeal is frivolous. Such contention must be sustained. Rule Criminal Procedure 6(d) emphasizes the secrecy of the Grand Jury proceedings. In Re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376, held that a witness had no right to be represented by counsel in an investigative procedure conducted by a State Fire Marshal under Ohio law. In support of its decision, the majority opinion at p. 333, 77 S.Ct. at p. 513 states: "A witness before a grand jury cannot insist, as a matter of constitutional right, on being represented by his counsel." Supporting cases are cited in the footnote. Mr. Justice Black, in a dissenting opinion at pp. 346–347, 77 S. Ct. 510, agrees that counsel for a witness can not be allowed before a Grand Jury but holds the fire marshal situation to be distinguishable.

For other cases discussing the historical background of the Grand Jury procedure and holding that a witness is not entitled to representation by counsel before the Grand Jury, see Jones v. United States, 119 U.S.App.D.C. 284, 342 F.2d 863; United States v. Cleary, 2 Cir., 265 F.2d 459; United States v. Scully, 2 Cir., 225 F.2d 113, 116.

Our holding that the order appealed from is not a final order requires the dismissal of this appeal for want of jurisdiction. The appeal is dismissed for want of jurisdiction; the stay order entered by the District Court is vacated.