In re Grand Jury Investigation Concerning Frank A. JASKIEWICZ, Possible Violation of Title 26 U.S. Code, Section 7201.

Allen Speiser, Appellant,

Frank A. Jaskiewicz, Intervenor.

No. 15909.

United States Court of Appeals Third Circuit.

Argued June 13, 1966.

Decided July 5, 1966.

Norman C. Henss, Philadelphia, Pa., for appellant Allen Speiser.

Leonard Sarner, Philadelphia, Pa., for appellant intervenor Jaskiewicz.

J. Shane Creamer, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GANEY and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

PER CURIAM.

The appellant, a certified public accountant, was subpoenaed to appear before a duly impanelled grand jury engaged in the investigation of possible violations of § 7201 of the Internal Revenue Code (1954) 26 U.S.C.A. by the intervenor. He appeared and answered certain questions but refused to answer others on the ground that the disclosure of the information sought would violate the accountant-client privilege protected by the provisions of the Pennsylvania statute, 63 P.S. § 9.11a. This claim of privilege was asserted on instructions from the intervenor, the appellant's client.

The appellant, represented by counsel, appeared before the court below at the direction of the United States Attorney. After a hearing the court held the local statute inapplicable to criminal proceedings under federal law and ordered the appellant to answer the questions. This appeal followed immediately although there was neither a refusal to obey the court's order nor an adjudication in contempt.

The only question raised on this appeal concerns the applicability of the Pennsylvania statute. Although urged to do so by the intervenor and the Government, we do not reach the question because in our opinion the order was interlocutory and not appealable. Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L. Ed. 783 (1940); Directory Services, Inc. v. United States, 353 F.2d 299 (8th Cir. 1965). Cf. DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), in which the Court held that the denial of a pretrial motion to suppress evidence was interlocutory and not appealable in the absence of a final judgment in the criminal action. See also United States v. Blue, 86 S.Ct. 1416 (May 23, 1966).

The case of Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918), relied upon by the Government, is clearly distinguishable. Cobbledick v. United States, supra, 309 U.S. 328, 60 S.Ct. 540. This is also true of Overby v. United States Fidelity and Guaranty Co., 224 F.2d 158 (5th Cir. 1955), relied on by the intervenor.

This appeal will be dismissed for lack of jurisdiction.