Joseph **PERRONE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 124, Docket 33640.

United States Court of Appeals
Second Circuit.

Argued Sept. 15, 1969.

Decided Oct. 8, 1969.

Richard E. Rieder, New York City, for appellant.

Walter Phillips, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Peter F. Rient and Ross Sandler, Asst. U. S. Attys., of counsel), for appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Joseph Perrone appeals from a judgment of conviction entered after a jury trial in the United States District Court for the Southern District of New York on an indictment charging conspiracy to violate 18 U.S.C. §§ 2, 1952 and 2314 (1964) and violation of 18 U.S.C. §§ 2 and 2314 (1964) by transporting false, forged or counterfeit securities in interstate commerce and by aiding and abetting that crime. Perrone was sentenced to four years imprisonment on each of the six counts on which he was found guilty, the terms to run concurrently.

We reject appellant's claims of error and affirm the conviction.

Appellant does not seriously challenge the sufficiency of the government's evidence which showed that in connection with an attempt to extort money from one Judson Stuart, appellant and two others, one of whom pleaded guilty and the other of whom was also convicted but has not appealed, took blank checks from Stuart's apartment, forged Stuart's name to a number of these checks and cashed them at various banks and commercial establishments. Stuart finally became aware of the conspiracy and notified the Federal Bureau of Investigation. Appellant was arrested by agents of the Bureau who concealed themselves in Stuart's apartment and observed appellant in the act of securing Stuart's signature to checks to be given to the conspirators for returning what appellant claimed was a tape recording containing material derogatory to Stuart.

Appellant urges that his conviction should be set aside on the ground that he was not represented by counsel at various points of the procedures leading to his conviction, that counsel who represented him at his trial provided inadequate representation and that his trial counsel was not appointed in accordance with the Criminal Justice Act, 18 U.S.C. § 3006A (1964 and Supp. IV 1965–68), and the Plan adopted under the requirements of that Act by the United States District Court for the Southern District of New York.

Perrone was represented by counsel at all vital points in the procedure leading to his conviction. Elias R. Marino, a member of the New York bar and of the bar of the federal court for the Southern District of New York, whom Perrone had known for about eight years, represented Perrone at his appearance before a United States Commissioner the day after his arrest. Five days later Marino again represented Perrone on an application for reduction in bail. Before he testified before the grand jury Perrone consulted Marino and was advised by him as to his testimony. Marino represented Perrone when he pleaded to the indictment which the grand jury returned.

During the period intervening between Perrone's plea and his trial, Marino appeared for him on a number of occasions.

At a pre-trial conference held on October 10, 1968 Marino was not present and Perrone requested for the first time that counsel be appointed for him. The presiding judge indicated that he would appoint Marino. Perrone voiced no objection. Nothing in any way affecting Perrone's rights occurred at the pre-trial conference. The case was set for trial on October 28.

On October 11, 1968 Marino wrote a letter to the judge requesting that he be relieved on the ground that he was not qualified to defend Perrone and that he had received no money for his representation.

Apparently receiving no reply to his letter Marino appeared for Perrone at the trial. When the case was called Marino answered ready. He did not renew his request to be relieved.

Appellant complains that he was not represented by counsel when he appeared before the grand jury. But it is familiar law that witnesses have no right to have counsel with them under such circumstances. See In re Groban, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957) ("A witness before a grand jury

cannot insist, as a matter of constitutional right, on being represented by his counsel. * * * "); Directory Services, Inc. v. United States, 353 F.2d 299, 301 (8th Cir. 1965); 1 Wright, Federal Practice and Procedure § 104, at 162 (1969).

■ When Perrone appeared before the grand jury he was advised of his right to consult an attorney before answering any questions, and of his right to have an attorney appointed for him if he could not afford to pay. He made no request for such consultation, quite obviously because he had already consulted Marino and been advised as to his testimony.

Appellant bases his claim of inadequate representation on the fact that Marino was not experienced in criminal law and in fact had never tried a criminal case.

In United States v. Currier, 405 F.2d 1039, 1043 (2d Cir.), cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969), this court said:

"Where inadequacy of counsel is alleged, the courts have established stringent requirements. Relief may only be obtained when representation has been so woefully inadequate 'as to shock the conscience of the Court and make the proceedings a farce and mockery of justice.' United States v. Wight, 176 F.2d 376, 379 (2 Cir. 1949), cert. denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). 'Errorless counsel is not required, and before we may vacate a conviction there must be a "total failure to present the cause of the accused in any fundamental respect." ' United States v. Garguilo, 324 F.2d 795, 796 (2 Cir. 1963)."

■ It is not claimed that Marino was not an experienced trial lawyer. Examination of the transcript of the trial reveals no instances where appellant appears to have been prejudiced by counsel's inexperience in criminal proceedings. In an attempt to establish such prejudice appellant specifies failure to make an opening statement, failure to object to a great deal of hearsay evidence, failure to call any witnesses on appellant's behalf and failure to put appellant on the stand. Appellant elected to postpone his opening until the close of the government's case. Since at the close of the government's case appellant rested, there was no occasion for his making an opening statement. Appellant does not point out any particular hearsay evidence which was harmful to him. (It must be remembered that appellant's codefendant was represented by counsel presumably with experience in criminal trials.) Appellant does not specify any witnesses who might have been called in his defense. Counsel's decision not to put defendant on the stand may or may not have been a wise one in view of the outcome of trial. However, at the time the decision was made, appellant faced the possibility of highly damaging cross-examination. Clearly the failure to call defendant falls far short of providing support for a claim of inadequacy of counsel.

■ Appellant's final point is that his counsel was not appointed from the list of attorneys compiled under the Plan formulated in accordance with the provisions of the Criminal Justice Act. While we have held that counsel not appointed from the list is not entitled to the payment provided for by the Act, United States v. Thompson, 356 F.2d 216 (2d Cir. 1965), cert. denied, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966), it has never before been suggested to us that a defendant who has received a fair trial with adequate legal representation is entitled to a new trial on the ground that his counsel was not included in the list of attorneys to be designated under the Plan, and we reject that contention now. See United States v. Bradford, 238 F.2d 395 (2d Cir. 1956), cert. denied, 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1957).

Affirmed.