**In re the Matter of Stephen ANDRETTA, Witness-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 75–2518.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 19, 1976.

Decided Jan. 20, 1976.

William E. Bufalino, II, Southfield, Mich., for witness-appellant.

Ralph B. Guy, Jr., U. S. Atty., Frederick J. Dana, Special Atty., U. S. Dept. of Justice, Detroit, Mich., for respondent-appellee.

Before EDWARDS, MILLER and ENGEL, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court entered December 19, 1975, denying appellant Stephen Andretta's motion to set aside an earlier contempt commitment. We also consider it an appeal from the order entered by the District Court on December 11, 1975, holding appellant in contempt of court for failure to respond to questions put to him by government attorneys before a Special Grand Jury, Andretta having previously on December 10, 1975, been granted immunity from prosecution pursuant to 18 U.S.C. §§ 6002 and 6003 (1970).

We treat the proceedings brought in the District Court as civil contempt proceedings within the meaning of 28 U.S.C. § 1826 (1970), and accordingly, this matter was brought on for hearing in this court on January 19, 1976, in recognition of the time limitations imposed by 28 U.S.C. § 1826(b) (1970).

Appellant has also appealed the District Court's denial of bail pending appeal and has sought similar relief from us. In denying bail the District Judge made a finding that the same was frivolous and was taken for purposes of delay.

At the time the matter came on for hearing before this court, the court was informed at oral argument that no formal order (as opposed to an oral order during court proceedings) adjudging the appellant in contempt and committing him had ever been entered in the District Court. However, upon an inspection of the District Court records, it appears that a formal typed order was signed by the District Judge at 11:30 a. m. on December 11, 1975, and was entered on the same day.

The said contempt order of December 11 reads as follows:

Whereas, this Court has previously Ordered the said Stephen Andretta to testify before the Special Grand Jury and further,

Whereas, this Court has Ordered the said Stephen Andretta to obtain counsel of his choosing and appear before the Special Grand Jury on Thursday, December 11, 1975, and

Whereas the record indicates that the said Stephen Andretta did not obtain counsel as ordered by this Court and did not respond to questions put to him by Government attorneys as ordered under the grant of immunity,

It is ordered that the said Stephen Andretta has contemptuously failed to comply with an Order of this Court and he is remanded forthwith to the custody of the United States Marshal until such time as he complies with the Order of this Court.

The record also discloses the immunity order previously entered by the District Judge on December 10, 1975:

Upon consideration of the application of the United States, and the Court having been fully advised in the premises:

It is ordered that pursuant to Title 18, United States Code, Sections 6002 and 6003, Stephen Andretta give testimony and produce evidence before the Special Grand Jury for the Eastern District of Michigan, and answer such questions as may be put to him by members of the Grand Jury or counsel for the United States of America in connection with the inquiry into matters involving possible violations of Federal law, including, but not limited to, inquiry into violations of Title 18, United States Code, Sections 1962 and 1963.

It is further ordered that Stephen Andretta should have, and the Court hereby grants Stephen Andretta immunity from prosecution, in that no testimony or other information compelled under this Order (or any information directly or indirectly derived from such testimony or other information) may be used against Stephen Andretta in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise contemptuously failing to comply with this Order; said Order to be effective as provided in Section 6002.

The record shows that the primary basis for holding Andretta in contempt was his refusal, after having been granted immunity, to answer the question: "Where were you on July 30, 1975?" The purpose of convening the Special Grand Jury, as shown in this record, was to investigate the sudden disappearance of Mr. James R. Hoffa, who was last seen on July 30, 1975.

The record further shows that Andretta's refusal to answer this question before the grand jury and subsequently before the District Court was based upon his claim that he was without the assistance of counsel. It appears from the record that in earlier proceedings before the court on December 4, 1975, Andretta had been represented by Attorney William E. Bufalino, Sr., but that when he was brought before the court again on December 10 and 11, he was without counsel, Mr. Bufalino having been hospitalized on December 9. Andretta had already been directed on December 10 to obtain other counsel after having been tendered appointed counsel and having assured the court that he had the financial means to retain such counsel prior to the hearing on the 11th. It was the position of appellant that he had a right before answering any questions to insist upon consultation with Mr. Bufalino, Sr., who at the time, however, was hospitalized for an indefinite period.

Under the foregoing circumstances, we conclude that appellant was not entitled to insist upon representation by Mr. Bufalino, Sr., and no one else, nor was he entitled for that reason to delay the pending grand jury proceedings and his testimony before it. This view was strengthened by the fact that Andretta was subsequently represented by William E. Bufalino II as his counsel when he was subsequently on December 18, 1975, accorded an opportunity to purge himself of contempt before Judge Freeman. We therefore conclude that Judge Freeman did not abuse his discretion in proceeding under such circumstances.

At the hearing before this court, the court inquired from Mr. Bufalino, Sr., who appeared before it with his son, William Bufalino II, whether Andretta would answer the questions put to him should this court remand the matter for such purpose to the District Court, to which Mr. Bufalino, Sr., responded that he was unable to answer that question.

■ It is also the claim of appellant that the proceedings in the District Court were in criminal contempt entitling Andretta before commitment to a trial of the issues before a jury. We disagree. While the order of the District Court holding Andretta in contempt does not specifically state that it is civil in nature, it is clear without question that it is and that it was entered in compliance with 28 U.S.C. § 1826 (1970), because it shows that Andretta may at any time purge himself of contempt by complying with the order of the court requiring him to testify. *Shillitani v. United States*, 384 U.S. 364, 368, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). It is clear to this court, as it was to Judge Freeman, that on this record appellant Andretta has, and has had, the keys to the jail in his pocket, *see Penfield v. S.E.C.*, 330 U.S. 585, 590, 67 S.Ct. 918, 91 L.Ed. 1117 (1947), and had been made fully aware of that fact by the District Judge.

■ We find no merit to appellant's argument that the immunity statute as employed in this case violated appellant's constitutional rights. The Supreme Court settled this issue in *Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1553, 32 L.Ed.2d 212 (1972).

Accordingly, for the foregoing reasons, the orders of the District Court from which appeal is taken are affirmed.

For the same reasons, the appellant's motion for bail is hereby denied.