**In re Grand Jury Proceedings Hubert Earl EARNEST.**

United States District Court,
M. D. Georgia,
Macon Division.

July 17, 1981.

O. Hale Almand, Jr., Macon, Ga., for petitioner.

W. Louis Sands, Macon, Ga., for respondent.

## ORDER DENYING MOTION FOR BAIL PENDING APPEAL

### WILBUR D. OWENS, Jr., Chief Judge.

As is shown in more complete, accurate detail by the court's file and court reporter's transcript, the subject grand jury witness, pursuant to an 18 U.S.C. § 6001, *et seq.*, grant of immunity, has been ordered by this court to testify before a grand jury of this court in spite of his privilege against self-incrimination. On Wednesday, July 15, 1981, the witness, upon learning of the 18 U.S.C. § 6001, *et seq.*, order attacked its validity through counsel. An immediate hearing was held, and the order was determined to be validly applied for and issued. The witness reappeared before the grand jury and when asked about a telephone number or conversation read a lawyer-prepared objection by which he refused to answer because the information on which the question was based was the result of an illegal wiretap. The court held an immediate hearing; because of the existence of valid court orders for all electronic surveillance upon which the grand jury's questions are to be based the objection was found to be without basis. The witness was instructed to appear before the grand jury on Thursday, July 16, 1981, and testify and further advised of the authority of the court to imprison recalcitrant witnesses pursuant to 28 U.S.C. § 1826.

On Thursday morning the witness was again called before the grand jury. A transcript[1] of his appearance was presented to the court, and a hearing on his continued failure to testify was held.

The witness through counsel contends that he has a constitutional right to the assistance of counsel when he as an immunized witness is called before the grand jury, and that when he is asked a question by the grand jury, he is entitled to exit the grand jury and consult his counsel as to the manner in which he should answer the question. He says he wants counsel to assist him by refreshing his recollection and thereby avoid the possibility that he will perjure himself. He further says that he wants to testify and that counsel's assistance is needed to insure that he gives a full, complete answer to the grand jury. This, in his opinion, helps rather than hinders the grand jury process.

After hearing from the witness, his counsel, and government counsel the court ruled that this witness is entitled to the advice of counsel on the question of whether or not he is required to testify under a grant of immunity, but having decided as the result of such advice that he will testify, the witness is not then entitled to exit the grand jury and consult with counsel as to the manner in which he is to answer each question. The grand jury, this court said, is entitled to the testimony of the witness, not that of his lawyer.[2]

---

1. A complete copy of the transcript is attached to this order.

2. The court is also greatly concerned in this case that this witness' attorney also represents several non-immunized witnesses, thereby cre-

The witness was instructed to reappear before the grand jury and to answer every plainly understandable question without exiting to consult his counsel. Asked if he intended to reappear and testify pursuant to these instructions or wished to refuse and be confined pursuant to 28 U.S.C. § 1826, the witness elected to refuse and be confined. He was ordered confined until he chooses to testify or the grand jury term expires.

The witness filed a notice of appeal and moved for bail pending appeal. For the following reasons the appeal in this court's best judgment is legally frivolous.

The Sixth Amendment to the Constitution of the United States guarantees the assistance of counsel. Having received that assistance on the question of whether or not he must testify under a grant of immunity, this witness in effect seeks to take counsel into the grand jury with him by going before the grand jury to hear a question, leaving the grand jury to tell the lawyer the question and get his assistance in formulating an answer, and then returning to give the answer he and his lawyer prepared.

■ A witness has no constitutional or legal right to have counsel with him when he appears before a grand jury. *United States v. Mandujano*, 425 U.S. 564, 581, 96 S.Ct. 1768, 1778, 48 L.Ed.2d 212, 225 (1976); *Matter of Andretta v. United States*, 530 F.2d 681 (6th Cir. 1976); *United States v. Daniels*, 461 F.2d 1076 citing *In re Groban*, 352 U.S. 330, 333, 77 S.Ct. 510, 1 L.Ed.2d 376, 380 (1957); *Perrone v. United States*, 416 F.2d 464 (2nd Cir. 1969).

■ As evidenced by Rule 6 of the Federal Rules of Criminal Procedure, in spite of the commonly known suggestions that Rule 6 be amended to permit counsel to appear with a witness before a grand

jury, the rule remains unchanged and prohibitive of the appearance of counsel for a witness before the grand jury, either with or without the witness. It seems to be the usual practice, when non-immunized witnesses are involved, to allow such witnesses to consult with their attorneys during the course of the questioning to determine whether or not they should invoke their Fifth Amendment privilege against self-incrimination. However, this court is aware of no case which mandates this practice, and in any event this witness was permitted to consult with counsel for that very purpose prior to his being granted immunity. After being immunized, however, that need to consult with counsel on every question asked by the grand jury no longer existed.[3]

If this same witness were on trial for a crime against the United States, was represented by counsel, and was being cross-examined as a witness by the United States Attorney, neither the Constitution, laws, nor rules would permit him to consult with his lawyer for the purpose of formulating an answer to questions put to him. It is only when the questioning ceases because of a court recess that a defendant has a right to consult with counsel. *See, Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592. If the situation were any different, a trial jury—like this grand jury—would hear the testimony of the defendant's lawyer through the mouth of the defendant instead of the testimony of the defendant. As juries are regularly admonished, "what lawyers say is not evidence." In this case, what this witness says through his lawyer is not evidence. This grand jury is entitled to the evidence—the testimony of this witness.

No authority for the refusal of this witness to testify having been urged or found by the court, there is no just cause for his

ating the possibility that counsel may color the answer given by the witness to each question of the grand jury in a manner favorable to his other clients. This concern, however, is in no way the basis for this court's decision.

**3.** This immunization did not, however, result in the witness being totally foreclosed from communicating with his counsel. To the contrary,

up until the time he was ordered by the court to decide whether to testify or be confined pursuant to 28 U.S.C.A. § 1826(a), the witness had ample opportunity to seek counsel's advice as to which of these options he should exercise. This is the usual practice of this court and the grand jury.

refusal and likewise no just cause for an appeal of this court's determination that he must testify. As such his appeal is legally frivolous and bail pending appeal must be DENIED. 28 U.S.C. § 1826(b).

## APPENDIX

### TESTIMONY OF HUBERT EARL EARNEST BEFORE THE FEDERAL GRAND JURY.

#### MR. HUBERT EARL EARNEST

Being first duly sworn by the Foreman of the Grand Jury, testified on

#### EXAMINATION

BY MR. SANDS:

Q Mr. Earnest, again I would advise you that you realize you're here before the Grand Jury under a grant of immunity and that you do not have the right to plead the Fifth Amendment. Also, that on another matter the court has ruled on yesterday, the response you made yesterday regarding your belief of surveillance, electronic surveillance, was not one you could plead here in the grand jury at this time, the matter having been considered by the court. So, again, we'll begin by questioning you again and I'll ask you whether or not you were on a boat known as the Miss Judy off the coast of Florida in August of 1980 and that boat having had a cargo of marijuana and were you at that time employed by James Pritchett?

A May I be excused?

FOREMAN: You may be excused.

(Witness out of grand jury room from 11:37 until 11:45)

THE WITNESS: I was on a boat whose name I believe was Miss Judy which was stopped by the U. S. Coast Guard about 65 miles off the coast of Florida. Marijuana was found by the Coast Guard on the boat.

MR. SANDS: Q Mr. Earnest, tell the grand jury who was on the boat, what each person did, including yourself, and what occurred from the time you got on the Miss Judy up to and including the boat being stopped by the United States Coast Guard?

A Could you go a little slower, please?

Q Tell the grand jury who was on the Miss Judy boat, what each person did, and what occurred from the time you got on the boat, up to and including the boat being stopped by the Coast Guard and I'll state to you the grand jury wants your oral answer to this, not a prepared answer outside of this grand jury room.

A What occurred—

Q Yes sir, what occurred from the time you got on the boat—the occasion I'm talking about is when it was stopped—up to and including the boat being stopped. What I'm saying is everything that happened—tell the grand jury in a narrative style—just tell them what happened, is what I'm asking, what everybody did.

A May I be excused?

FOREMAN: You may be excused.

(Witness out of grand jury room from 11:46 until 11:52.)

THE WITNESS: The question is too lengthy and too general in nature for me to safely answer without running the risk or by mistake failing to give a full and complete answer. Please be more specific in the questions.

FOREMAN: Mr. Earnest, we've been real patient with you and the process you're going through and the delays you've caused the grand jury. We've got a lot of other things we need to discuss. I don't think your memory would be so vague that we couldn't accept an account and if we feel like you're not specific enough, we can ask you specific questions, but we just don't feel like at this time that it's necessary for you to go out and have your attorney write a statement for you. We want it from you, not from your attorney. Can we get a statement from you in answer to the question that the U. S. attorney has asked. In your own words what actually transpired from the time that you got on the boat until it was intercepted by the Coast Guard and, if necessary, we'll go back to the judge and see if we can get him to have you answer the question for us rather than an attorney answer it for you.

THE WITNESS: May I be excused?

FOREMAN: You may be excused.

(Witness out of grand jury room from 11:56 until 11:58.)

THE WITNESS: The answers I'm giving is my answers and I have a right to consult with my attorney before answering.

FOREMAN: We don't question that right, Mr. Earnest, but you're not answering the question that was presented to you. Unless we can get an answer to that question, then we're going to excuse you and we'll go back to the judge and see if we can't get a decision from him.

MR. SANDS: For the record, Mr. Foreman, we might also observe that the witness is writing down verbatim the question being asked and reading from a legal pad when he returns to the grand jury room.

THE WITNESS: May I be excused?

FOREMAN: I think we're going to excuse you temporarily and have a recess because, apparently, we're not going to get the answer from you, and—

MR. SANDS: Mr. Foreman, if I may interrupt, I'd like to ask the witness if he's prepared to answer the question that's been asked of him prior to the two previous times he has been excused to consult with his attorney? Are you prepared to answer the question? You've been excused two times now since that question was asked of you and each time you have failed to return and answer the question. You've been requested and instructed and advised by the grand jury foreman that it's your answers that are wanted and not a prepared answer from your attorney.

FOREMAN: Are you prepared to answer the question, Mr. Earnest? Yes or no.

THE WITNESS: May I consult with my attorney?

FOREMAN: We're asking you are you prepared to answer the question, yes or no. You've been excused twice already to get advise from your attorney and you still haven't answered the question. If you're prepared to answer it, you can say yes or no.

THE WITNESS: May I see my attorney?

MR. SANDS: I suggest Mr. Earnest be excused, Mr. Foreman.

FOREMAN: We'll excuse you. We want you to stand by. We want to talk to you again, but you're excused for the time being.

MR. SANDS: Mr. Foreman, I suggest that he be—Mr. Earnest—that he consult his lawyer regarding the advice just given him by the grand jury foreman and return with his response before he's excused.

FOREMAN: Consult with your attorney and we'll wait until you can return.

(Witness out of grand jury room from 12:00 until 12:05)

THE WITNESS: The answers I am giving is my answers and I have the right to consult with my attorney before answering.

FOREMAN: You can be excused for the time being, but we are interested in your notepad and we want it to be on the record that the time consumption involved in all of the writing—I mean, the notes that you're taking down, we're concerned as to whether these notes are for your benefit or for your lawyer's benefit and you can consult with your lawyer about that. Anything else we need?

MR. SANDS: No sir.

FOREMAN: You can be excused for the time being. Just stand by.

(Witness leaves grand jury room.)

(Lunch recess.)