In re CARAMCO, INC.
(ST–B–87–371), Debtor.

UNITED STATES of America and Richard M. Mitchell, Trustee in ST–B–87–371, Petitioners,

v.

CARAMCO, INC. and Donald A. Martin, Respondents.

Civ. Misc. No. ST–303.

United States District Court, W.D. North Carolina, Statesville Division.

June 29, 1989.

---

Thomas J. Ashcraft, U.S. Atty., Charles E. Lyons, Asst. U.S. Atty., Richard M. Mitchell, Charlotte, N.C., for petitioners.

Joel J. Reinfeld, Hackensack, N.J., for respondents.

## MEMORANDUM AND ORDER

RICHARD L. VOORHEES, District Judge.

### I. INTRODUCTION

THIS MATTER is before the Court to resolve several issues in preparation for a

show cause hearing on whether Respondents, Caramco, Inc., and Donald A. Martin, should be held in criminal contempt, civil contempt or both. The Court must decide whether Mr. Joel J. Reinfeld will be court-appointed as counsel for Respondents, whether to grant Respondents' motion to compel discovery, whether the trial for criminal contempt will be a jury trial, and whether the Court will conduct separate trials for the civil and criminal contempt charges. The Court conducted a hearing relative to these matters on December 6, 1988, in Statesville, North Carolina.

## II. HISTORY OF THE CASE

On December 21, 1987, Caramco, Inc., filed for protection under Chapter 11 of the United States Bankruptcy Code in an action numbered ST–B–87–371. On January 19, 1988, the Bankruptcy Court, the Honorable Marvin R. Wooten, presiding, filed an Order Establishing Tax Account which required Caramco to establish a tax account for post-petition taxes; to make deposits to its account of any and all post-petition taxes incurred by Caramco as they accrued; and to pay over post-petition taxes to the appropriate taxing authorities as they became due.

Pursuant to 11 U.S.C. § 341 (1986), a meeting of creditors was held on March 7, 1988, in Statesville, North Carolina, at which Caramco appeared through Donald A. Martin, its president, and through its counsel, Rachel Pickard. Ms. Pickard has since been allowed to withdraw as attorney of record for Respondent/Debtor Caramco, Inc. by Order of the Court filed April 4, 1989. At the meeting, the representatives of Caramco were asked by the estate administrator, Warren L. Tadlock, whether deposits of post-petition taxes were being made. Caramco's representative responded that no taxes had been deposited nor had any taxes been paid. Mr. Tadlock cautioned Caramco of the necessity of making such deposits and payments.

On March 16, 1988, Chief Bankruptcy Judge Wooten filed an Order requiring Caramco to appear and show cause for its failure to comply with the Bankruptcy Court's Order directing the timely deposit and payment of all of its operating tax obligations. Caramco, through counsel and its president Martin, appeared on April 12, 1988, before the Honorable George R. Hodges in Statesville, North Carolina. Caramco's representatives acknowledged that Caramco had made no post-petition tax deposits. Since the matter was assigned to Chief Bankruptcy Judge Wooten, Judge Hodges continued the show cause hearing until the bankruptcy hearing date in Statesville and stated that Caramco could not continue operating without paying its taxes.

At the next hearing date in Statesville, May 10, 1988, Caramco failed to appear. By telephone notice, Caramco was directed to appear before the Bankruptcy Court in Charlotte, North Carolina, on May 11, 1988, at 2:00 PM at which time it appeared through counsel and its president Martin.

At the May 11, 1988, hearing, representatives of Caramco stated to the Court that no post-petition taxes had been deposited nor had any post-petition taxes been paid to the appropriate taxing authorities. Approximately $20,000 in unpaid post-petition federal taxes had accrued as a result of the noncompliance with the Order Establishing Tax Account. The Court stated its intention to hold Caramco and Martin in contempt and to convert the action to a Chapter 7 proceeding. The Court then appointed Richard M. Mitchell trustee of the bankruptcy estate. Mr. Mitchell conducted an investigation into Caramco's operation and determined that the business was losing in excess of $1,000 per week with no real chance of profitable operations. Mr. Mitchell did, however, receive an offer for the purchase of the estate for $130,000 from Normtex, Inc., which was conditioned on the continued operation of Caramco until the closing of the sale. Based on the aforementioned offer, the trustee filed an Application to Sell Real and Personal Property and the Court set a hearing on the matter for May 20, 1988.

At the May 20, 1988, hearing, the Bankruptcy Court found Caramco and Martin to

be in contempt of court and converted the matter to a Chapter 7 proceeding. An Order Finding Civil and Criminal Contempt and Certifying Contempt Proceedings to the federal district court was entered by Chief Bankruptcy Judge Wooten on May 20, 1988.

On June 13, 1988, the Petitioners filed an application for an order to show cause directing Caramco, Inc., and Donald A. Martin to appear before the Court and show cause why they should not be held in civil and criminal contempt for the findings set forth in Chief Bankruptcy Judge Wooten's Order Finding Civil and Criminal Contempt. The Respondents filed a response requesting the Court not to issue a show cause order. On June 29, 1988, the Court, the Honorable Robert D. Potter, Chief United States District Court Judge presiding, filed an Order directing the Respondents to appear before the Court on July 20, 1988, to show cause why they should not be held in civil and criminal contempt of court. By Order filed July 13, 1988, the show cause hearing was changed to a civil show cause hearing while the jury demand issue was pending in the criminal proceeding. In an Order filed July 18, 1988, the Court continued the show cause hearing to a date to be set by further order of the Court. This Court must determine several pending matters before conducting a show cause hearing.

### III. PENDING MATTERS

A. Court appointed counsel for criminal contempt charge

Respondent Donald A. Martin has moved pursuant to 18 U.S.C. § 3006A (1982) that the Court appoint Joel J. Reinfeld to be his attorney.

■ The "Plan of the United States District Court for the Western District of North Carolina pursuant to the Criminal Justice Act of 1964" (Plan), to provide legal services to indigent defendants, filed September 11, 1987, governs Respondent's motion. According to the Plan, the Court, usually at the magistrate level, makes a finding of fact to determine the indigency of the person applying for court-appointed counsel. "Any information bearing upon an applicant's financial statement should be reflected on Criminal Justice Form 23." (Plan, II, A). The Court received a fully executed Affidavit of Indigency, Criminal Justice Form 23, from Respondent Martin which was forwarded to be filed with the Clerk in Statesville, North Carolina. "Counsel furnishing representation under [the] Plan shall be selected from a list of attorneys engaged in private practice within the Western District of North Carolina who have agreed to accept appointment under the Plan and who have been approved by the Court." (Plan, III, A). Respondent Martin urges that it is not error to appoint an attorney who is familiar with a case, but is not part of the Court's list of attorneys available for court appointments. *Perrone v. United States,* 416 F.2d 464 (2d Cir.1969). While that contention is true, *Perrone* is not authority for the proposition that it is error for the Court to follow its well established "Plan" for providing court appointed counsel for indigent defendants.

■ Mr. Joel Reinfeld is licensed to practice law in New Jersey, New York and Texas, but not in North Carolina. (*Affidavit of Joel J. Reinfeld.*) He is the son-in-law of Respondent Martin. He lives and practices law in the State of New Jersey. Though Respondent Martin may be entitled to a court-appointed attorney, he does not have an absolute right to have the Court appoint a particular attorney to represent him. *United States v. Gipson,* 693 F.2d 109, 111 (10th Cir.1982), *cert. denied, Gipson v. United States,* 459 U.S. 1216, 103 S.Ct. 1218, 75 L.Ed.2d 455 (1983). Given the distance between New Jersey and North Carolina, and the relationship between Mr. Martin and Mr. Reinfeld, the latter is not well suited for appointment in this case. Accordingly, Respondent's motion for the appointment of Joel J. Reinfeld will be denied. However, the Clerk will be directed to forward Respondent's Affidavit of Indigency to Magistrate J. Toliver Davis. Magistrate Davis will determine if Respondent qualifies for court-appointed counsel based on the Western District's Plan to provide legal services to indigent defen-

dants, and if so, he will appoint counsel for Mr. Martin (as an individual defendant and as a representative of Caramco, the corporate defendant) in the criminal case.

### B. Discovery

Respondents, Caramco, Inc. and Donald A. Martin, have moved for an order compelling discovery pursuant to Fed.R.Crim.P. 16. In Paragraph 4 of the Affidavit of Joel J. Reinfeld, attached to the Notice of Motion for an Order Compelling Discovery, Mr. Reinfeld states that "[t]his Court should also order early discovery under the Jencks Act." 18 U.S.C. § 3500 (1970). Mr. Reinfeld requests that all Jencks material should be submitted to the defendant no later than one week prior to trial.

■ "[A] Jencks Act request is wholly inappropriate in a pretrial motion for discovery...." *United States v. Peterson*, 524 F.2d 167, 175 (4th Cir.1975), *cert. denied, Smith v. United States*, 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976). Accordingly, the motion will be denied.

■ The Court will further order that Respondents and counsel be allowed to inspect and photocopy, prior to trial, the information, reports or objects discoverable under Fed.R.Crim.P. 16(a)(1)(A), (B), (C), and (D).

The Court will further order that the Government disclose to Respondents and counsel all *Brady* material which is in the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence should become known, to the attorney for the Government.

However, in light of the Government's open file policy in this District, and the other provisions of this Order, all other aspects of Respondents' motion to compel discovery will be denied. The Court will reconsider any denied discovery request upon the showing of a special need, if such need can be established after defense counsel has reviewed the Government's file in this case.

### C. Jury Trial for a contempt proceeding

Respondents have requested a jury trial in both civil and criminal contempt proceedings. The Court, by Order of Chief Judge Robert D. Potter, has denied Respondents' request for a jury trial on the civil contempt charge. *See* Judge Potter's Order filed July 13, 1988.

■ "[P]etty contempt like other petty criminal offenses may be tried without a jury and ... contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." *Taylor v. Hayes*, 418 U.S. 488, 495, 94 S.Ct. 2697, 2701, 41 L.Ed.2d 897 (1974). No jury trial is necessary if there is some indication by the prosecuting authority or court that any term of imprisonment will not exceed six months. *Richmond Black Police Officers Assoc. v. City of Richmond, Virginia*, 548 F.2d 123, 128 (4th Cir.1977).

■ The Government, in its brief and at the hearing, has stipulated to a sentence of not more than six months for Respondent Martin. Accordingly, Respondents' request for a jury trial in the criminal contempt proceeding is denied.

The Petitioner's pending "Motion for Enlargement of Time within which to File Brief on Issue of Jury Trial," filed November 21, 1988, is rendered moot by this Order.

### D. Separate proceedings for civil and criminal contempt

Finally, the Court must decide whether to conduct a single trial for the criminal and civil contempt charges against Respondents or conduct separate trials.

■ While the better practice may be to try criminal contempt separate from civil contempt, one proceeding for both criminal and civil contempt is allowed as long as Respondents will not suffer substantial prejudice. *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

In this case, Respondents have requested the Court conduct a single proceeding to decide both civil and criminal contempt charges. The Government does not object. Respondents have indicated to the Court that they intend to call the same four to five witnesses in both civil and criminal contempt proceedings. Accordingly, the Court finds that the interest of justice will be best served by conducting a single hearing to determine both the civil and criminal contempt charges against Respondents Caramco, Inc., and Donald A. Martin.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED:

1. That Respondents' motion for Joel J. Reinfeld to be their court-appointed counsel is DENIED;

2. That the Clerk is directed to forward Respondent Martin's Affidavit of Indigency to Magistrate J. Toliver Davis to determine if Respondent Martin qualifies for court-appointed counsel;

3. That Respondents' motion to compel discovery is DENIED;

4. That Respondents and their counsel are allowed to inspect and photocopy, prior to trial, the information, reports of objects discoverable under Fed.R.Crim.P. 16(a)(1)(A), (B), (C), and (D);

5. That the Government disclose to Respondents and their attorneys all *Brady* material;

6. That, in light of the Government's open file policy in this District, all other requests for discovery by Respondents are DENIED at this time;

7. That Respondents' request for a jury trial on the criminal contempt charge is DENIED;

8. That Petitioner's motion for enlargement of time, filed on November 21, 1988, is rendered MOOT by this Order; and

9. That the Court will conduct a single proceeding to determine both the civil and criminal contempt charges against Respondents Caramco, Inc. and Donald A. Martin.