**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Louis A. DOUCET, Defendant-Appellant.**

**No. 72–1409**

**Summary Calendar.**＊

United States Court of Appeals, Fifth Circuit.

June 16, 1972.

Robert L. Kleinpeter, Baton Rouge, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

 The defendant, Louis A. Doucet, was indicted in the Eastern District of Louisiana for knowingly and unlawfully intercepting a wire communication in violation of 18 U.S.C.A. § 2511. The defendant entered a plea of not guilty and then filed a motion to dismiss the two-count indictment. That motion was denied by the district court, and the trial judge ordered that the defendant's criminal trial be held in abeyance pending the defendant's appeal to this court of the trial court's denial of the motion to dismiss. It is established law that the denial of a motion to dismiss an indictment is not an appealable order. *See, e. g.,* United States v. Garber, 2

Kidde & Co., 316 F.Supp. 1321 (E.D. N.Y., 1970), aff'd per curiam, 451 F.2d 593 (C.A. 2, 1971).

＊ █ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir.1970, 431 F.2d 409, Part I.

Cir. 1969, 413 F.2d 284; Snodgrass v. United States, 8 Cir. 1964, 326 F.2d 409; Hoffa v. Gray, 6 Cir. 1963, 323 F.2d 178, cert. denied, 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147. Since we know of no provision, statutory or otherwise, authorizing an interlocutory appeal in a criminal case by means of a district court's "certification" of a question of law, we direct that the defendant's appeal be dismissed.

Appeal dismissed.