**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leonard DIXON, Defendant-Appellant.**

**No. 75–1178.**

United States Court of Appeals,
Ninth Circuit.

April 26, 1976.

As Modified on Denial of Rehearing and
Rehearing En Banc July 6, 1976.

James E. Sutherland (argued), Long Beach, Cal., for defendant-appellant.

Ronald Muntean, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is from conviction of conspiring to evade payment of income taxes and evasion of payment of income taxes for the years 1966 through 1970.

### 1. *Sufficiency of Evidence*

Appellant contends that the Government has failed to prove essential elements of the cash-expenditure variant of the net-worth method of proving taxable income; that the Government has failed to establish that unreported income attributed to appellant was earned in the year for which it was taxed; that the Government failed to establish appellant's net worth at the opening of the taxable period in question to refute the possibility that expenditures in excess of reported income could be attributed to resources on hand at the beginning of the tax period.

■ Appellant's principal defense at trial appears to have been that he did not realize that income derived from illegal sources was taxable. The contentions advanced on appeal were not asserted at trial. Instead, appellant stipulated to the amounts of gross income and tax owing as specified in the indictment, and admitted that the figures in his delinquent tax returns correctly reflected his gross income for the years in question. These open court admissions relieved the Government from the necessity of making proof upon the subjects dealt with and sufficiently established the elements of the crime now challenged. No corroboration was necessary, as may be required in the case of an extra-judicial admission.

### 2. *Abuse of Grand Jury Process*

Appellant asserts as error the district court's order striking appellant's motion to enjoin use of evidence obtained by what he contends was abuse of the grand jury process. In support of his motion for injunction appellant presented an affidavit of a former special agent of the Intelligence Division of the IRS to the effect that it was in the past common practice of the IRS to use grand jury subpoenas not to further grand jury investigations of crime, but to further IRS tax investigations. When defense counsel could not advise the court what testimony he expected to obtain from other witnesses, and upon finding no showing of abuse in this particular case, the district court struck appellant's motion.

■ Appellant's basic contention is that he was denied due process by the district court's refusal to allow him to show that evidence used against him was illegally obtained. The nature of the asserted illegality—abuse of the grand jury process—is such that a hearing upon the question would involve a breach of grand jury secre-

cy[1] and the delay and disruption of the orderly functioning of the criminal justice system. Accordingly hearing is not lightly granted; one is not entitled to hearing "to enable [him] to satisfy [his] unsupported suspicions." *Lawn v. United States,* 355 U.S. 339, 350, 78 S.Ct. 311, 318, 2 L.Ed.2d 321, 330 (1958). Moreover, the grant of hearing in such matters, involving grand jury secrecy, is a matter of judicial discretion. *See Pittsburgh Plate Glass Co. v. United States,* 360 U.S. 395, 398–99, 79 S.Ct. 1237, 1240–41, 3 L.Ed.2d 1323, 1325–26 (1959).

 Appellant has not met his burden here. The fact that IRS has improperly used the grand jury for its own purposes on occasions in the past gives rise to no more than a doubtful inference that they may have acted in such a fashion in this case. This inference (if we concede that it is such) is rebutted by the fact that an indictment in fact did result. *See Beverly v. United States,* 468 F.2d 732, 749 (5th Cir. 1972). We can, then, presume that the grand jury was properly pursuing an inquiry as to appellant's guilt of crime. We find neither error nor abuse of discretion in the action of the district court in striking appellant's motion.

### 3. *Sentence*

The maximum sentence for tax fraud is five years or $10,000, or both. Appellant was found guilty on six counts. On the first four counts he received sentences of two years to run consecutively. On the two last counts he received sentences of two years to run concurrently with the sentences on the first four counts. On each of the six counts he was fined "$1,000 together with the costs of prosecution." In sentencing, the court ordered: "IT IS FURTHER ADJUDGED that the defendant stand committed until the fines herein imposed are paid or until he is otherwise discharged by due course of law."

 Appellant contends that this language is ambiguous. We disagree. It is taken from the opinion of this court in *Wagner v. United States,* 3 F.2d 864, 865 (9th Cir. 1925). "Otherwise discharged by due course of law" has reference to the right of a prisoner who is unable to pay his fine to obtain release upon proper showing after thirty days imprisonment for nonpayment, pursuant to 18 U.S.C. § 3569 (successor to Rev.St. § 1042, which was the statute before the court in *Wagner* ).

 Appellant attacks the constitutionality of extending a term of imprisonment of an indigent prisoner solely for nonpayment of the fine. Resolution of this question, in our judgment, must await the event. It is far from certain that grievance ever will occur. We find no merit in appellant's contention that the sentence constituted cruel and unusual punishment.

### 4. *Bail Affidavits*

 Appellant contends that severity of sentence was enhanced by information contained in affidavits by government agents, the substance of which was not disclosed to him. The district court, however, expressly disclaimed reliance on the affidavits. Appellant contends that references made by the judge in imposing sentence to appellant's past activities show that the judge in fact did rely on information obtained from the affidavits and that his disclaimer should be rejected. Information supporting the judge's remarks, however, was supplied by appellant's own admissions at trial and by a presentence report received by the judge prior to sentencing. We see no occasion for rejection of the disclaimer. We find no abuse of discretion.

 Appellant contends that under *Gregg v. United States,* 394 U.S. 489, 89

---

1. Appellant explicitly asked that the Government be required to disclose to him "the names and addresses of all witnesses called before any Grand Jury to give evidence with respect to the instant prosecution." Moreover, appellant's apparent purpose in seeking the hearing was to learn "what witnesses and what evidence were produced from the use of Grand Jury subpoenas which were simply used for the purpose of funneling information from the Grand Jury into the hands of the Internal Revenue Service."

S.Ct. 1134, 22 L.Ed.2d 442 (1969), receipt by the district judge of the affidavits prior to completion of trial disqualified the judge from further participation in the case. We disagree. The affidavits were presented to the court in a matter respecting release of the accused on bail, and clearly were not presented or intended to serve as a presentence report to assist the court in sentencing under Rule 32(c)(1). They thus were not such a file or document as was before this court in *United States v. Montecalvo*, 533 F.2d 1110 (9th Cir. 1976), and under *United States v. Duhart*, 496 F.2d 941 (9th Cir. 1974), neither Rule 32 nor *Gregg* applies.

Judgment is affirmed.

Upon appellee's motion for rehearing oral argument is dispensed with and the motion is entertained upon the moving and opposition papers. Rehearing is granted. The opinion heretofore filed herein April 26, 1976, is withdrawn and is superseded by the opinion filed this day.

With the filing of this opinion the panel has voted to deny appellant's motion for panel rehearing. Further, Judges Wright and Choy have voted to reject appellant's suggestion for rehearing in banc, and Judge Merrill recommends rejection.

The full court has been advised of the suggestion for in banc hearing and the views of the panel with respect thereto and of its proposed modification of opinion as set forth under "4. *Bail Affidavits*" of the superseding opinion filed this day. No judge of the court has requested a vote on the suggestion for rehearing in banc.

Appellant's petition for rehearing is denied and the suggestion of rehearing in banc is rejected.