**In the Matter of the SPECIAL APRIL 1977 GRAND JURY.**

**Appeal of William J. SCOTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 78–1834.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 27, 1978.

Decided Dec. 8, 1978.

George B. Collins, Chicago, Ill., for appellant.

James F. Holderman, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before TONE, Circuit Judge, WISDOM, Circuit Judge,* and BAUER, Circuit Judge.

WISDOM, Circuit Judge:

This is an appeal from a denial without prejudice of petitioner-appellant Scott's petition to have a grand jury proceeding terminated. We affirm the district court's order.

### I.

William J. Scott, the Attorney General of Illinois, is the subject of an ongoing investigation before the Special April 1977 Grand Jury. In May of 1978 Scott filed a petition in the United States District Court for the Northern District of Illinois, Chief Judge Parsons presiding, seeking to terminate the grand jury proceedings because of alleged improprieties on the part of government personnel connected with the investigation. The petition set forth two claims. The first claim was that material subpoenaed by the grand jury and other information concern-

ing the proceedings had been disclosed or "leaked" to unauthorized persons in violation of Rule 6(e) of the Federal Rules of Criminal Procedure. The petition alleged that employees of the Internal Revenue Service had access to grand jury evidence, and that I.R.S. Special Agent Witkowski had disclosed evidence to Chicago newspaper reporters. Second, Scott alleged that the Assistant United States Attorney had, in effect, withheld from the grand jury evidence favorable to him. The petition charged that numerous persons interviewed by the Government who gave statements favorable to Scott were not brought before the grand jury. The Government responded by filing affidavits of the United States Attorney, two Assistant United States Attorneys, and Special Agent Witkowski denying that they had made unauthorized disclosures and denying that they were the source of information contained in the news media reports. By supplemental response, the Government filed the affidavits of other Internal Revenue Service employees denying that they disseminated grand jury material to unauthorized persons.

This matter arose on the Government's motion to dismiss the petition. The district court found the evidence of the alleged Rule 6(e) violations insufficient to warrant an evidentiary hearing and accordingly dismissed the petition without prejudice. Scott then prosecuted this appeal.

### II.

Before proceeding to the merits we must address the Government's contention that the district court's order dismissing Scott's petition was not a final, appealable order within the meaning of 28 U.S.C. § 1291.

■ Appeals from orders issued in connection with ongoing grand jury proceedings are looked on with disfavor. *See generally In re Special March 1974 Grand Jury*, 7 Cir. 1976, 541 F.2d 166, 168–69. Orders such as the instant one are not paradigmatic "final judgments". The policies behind

---

* The Honorable John Minor Wisdom, Senior Circuit Judge of the United States Court of Appeals for the Fifth Circuit, is sitting by designation.

the limitation upon appellate jurisdiction contained in 28 U.S.C. § 1291, the final judgment rule, take on added force in this context because of the public interest in safeguarding the grand jury's inquiry from undue interruption. *See Cobbledick v. United States*, 309 U.S. 323, 327–28, 60 S.Ct. 540, 84 L.Ed. 783 (1940). Accordingly, the courts have held nonappealable: denials of motions to quash subpoenas, *e. g., United States v. Ryan*, 1971, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85; orders denying a witness's right to counsel, *e. g., Directory Services, Inc. v. U. S.*, 8 Cir. 1965, 353 F.2d 299; and the denial of a motion for an order limiting the use of evidence brought before a grand jury, *In re Grand Jury Investigation of Violations*, 2 Cir. 1963, 318 F.2d 533, *cert. dismissed*, 375 U.S. 802, 84 S.Ct. 25, 11 L.Ed. 37. *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3918, 639–40 (1976).

Not all actions, however, taken by district courts in connection with grand jury proceedings are deemed nonfinal for appealability purposes. The Supreme Court has held that denials of motions to quash subpoenas, which are generally not appealable, may be reviewed in exceptional circumstances. *E. g., United States v. Nixon*, 1974, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039; *Perlman v. United States*, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950. In *Perlman* the Court held appealable an order denying the appellant's petition to enjoin the use before a grand jury of certain exhibits that remained in the custody of the court after the appellant had used them as a trial witness in an unrelated patent infringement lawsuit. The order at issue in *Perlman*, as explained by Justice Brennan in *United States v. Ryan*, 402 U.S. at 533, 91 S.Ct. at 1582, fell within "the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims . . . .." Thus, despite language in Supreme Court opinions suggesting that the policy against interlocutory appeals has special force in the context of ongoing grand jury investigations, the Supreme Court has adopted, even in this context, a flexible view of finality.

This Court has recognized and applied *Perlman*, as explained by the *Ryan* dictum. In *In re Special March 1974 Grand Jury*, 7 Cir. 1976, 541 F.2d 166, this Court faced the question of the appealability of an order denying Ingram Corporation's request for an evidentiary hearing as to whether the Government had abused the grand jury process by using a grand jury to aid an investigation into alleged civil violations on the part of the corporation. Although the order was held to be nonfinal, the Court did not construct a per se rule against the appealability of orders denying requests for hearings into alleged unauthorized disclosures of grand jury materials. Rather, the Court applied the exceptional circumstances doctrine and held the order nonappealable because the corporation

> failed to demonstrate how a denial of review will leave it powerless eventually to correct an injustice on a plenary review after the grand jury has ceased its investigation and the criminal trial has been conducted.

*Id.* at 170.

 We are satisfied that a denial of review at this time would deprive Scott of a meaningful opportunity to air his grievance before an appellate court. Scott's narrow claim is that the district court abused its discretion in dismissing his petition without an evidentiary hearing. His substantive claim concerns his right to be free from the harm to his reputation that would be caused by alleged unauthorized disclosures of grand jury material. In *In re Special March 1974 Grand Jury* the Court focused on the appellant's substantive claim in applying the *Perlman-Ryan* test. The appeal did not lie in that case because Ingram's right to have the grand jury's powers not used to aid a civil investigation against it could be vindicated by a motion to exclude improperly obtained evidence in the civil trial, in the event a civil suit was brought. By contrast, Scott will not have further opportunity to correct the harm engendered by the alleged unauthorized disclosures. To be sure, he may raise the issue and renew

his request for an evidentiary hearing by post-indictment motion. *E. g., United States v. Sweig*, 1970, S.D.N.Y., 316 F.Supp. 1148; *United States v. Kahaner*, 1962, S.D. N.Y., 204 F.Supp. 921. Denials of motions to quash indictments, however, are not appealable. *E. g., United States v. Doucet*, 5 Cir. 1972, 461 F.2d 1095; *People of Guam v. Lefever*, 9 Cir. 1972, 454 F.2d 270; *United States v. Garber*, 2 Cir. 1969, 413 F.2d 284. Nor would Scott have a reasonable opportunity to raise his grievance after trial, should a criminal trial ensue. Importantly, if the grand jury returns no indictment against Scott, or if Scott is not eventually convicted, he would be afforded no opportunity to remedy the harm alleged because there would be nothing to appeal. We hold therefore that the district court's order was "final" within the meaning of section 1291.[1]

### III.

We find, on the merits, that the district court did not abuse its discretion in dismissing Scott's petition.

The district court dismissed the petition for lack of concrete evidence suggesting misconduct on the part of the Government employees. Scott's evidence consisted of news media publicity revealing evidence pertinent to the grand jury investigation. Some of the media reports attributed the information to "government sources" or to "sources close to the investigation". The district court was justifiably unimpressed inasmuch as news reporters, as all the world knows, invariably attribute the information they receive to "confidential sources" and, in connection with stories of this nature, to unnamed sources "close to the investigation". Furthermore, the judge noted that much of the material appearing in those news reports could have been disseminated during the Government investigation that preceded impanelment of the jury or by the rumor mills that grind into motion even before such investigations begin.

■ A petition for a hearing into irregularities in the grand jury process is addressed to the discretion of the district court. *United States v. Dixon*, 9 Cir. 1976, 538 F.2d 812. Because such hearings disrupt and delay grand jury proceedings, the petitioner bears a heavy burden. Persons charging irregularities in the course of grand jury proceedings must present "a concrete basis" supporting the inference of misconduct. *United States v. Sweig*, 1970, S.D.N.Y., 316 F.Supp. 1148. "Accusations of misconduct based on unsupported suspicion or patently frivolous contentions should not be deemed 'claims' sufficient to require further inquiry and thus delay orderly proceedings of the grand jury." *In re Millow*, 2 Cir. 1976, 529 F.2d 770, 774. In a case similar to this one, Judge Frankel denied a petition for dismissal of an indictment on grounds that the government had improperly leaked grand jury evidence to the press to the petitioner's prejudice. He observed:

> The unspecified 'sources' mentioned in the newspaper stories defendants cite are nowhere particularized. Granting that the particularization is no simple matter, especially in view of the care journalists exercise to preserve the confidentiality of their sources . . . , the circumstances do not now justify an evidentiary hearing to test on this asserted ground the validity of the indictment.

*United States v. Sweig*, 1970, S.D.N.Y., 316 F.Supp. 1148, 1155 (citations omitted). *See also United States v. Kahaner*, 1962, S.D. N.Y., 204 F.Supp. 921.

■ As in *Sweig*, the petitioner in this case did not particularize the sources. Scott, in effect, asked the district court for

---

1. Our conclusion is not affected by the fact that the district court dismissed the petition without prejudice. Dismissals without prejudice are as final for appealability purposes as dismissals with prejudice. *Allied Air Freight, Inc. v. Pan American World Airways, Inc.*, 2 Cir. 1968, 393 F.2d 441; *Rinieri v. News Syndicate Co.*, 2 Cir. 1967, 385 F.2d 818. Indeed, in dismissing the petition for lack of substantiation, the district judge observed that he doubted that Scott could make an adequate showing unless he were granted the right to civil discovery, a right that was denied him by the court. The unlikelihood that Scott would ever make a more substantial showing buttresses our conclusion that the district court's disposition was final.

leave to conduct an investigation, either before the court in the form of a hearing or outside the court in the form of civil discovery, so that he could particularize his allegations. Whichever form that investigation might have taken, it would have imposed a burden on the Government, if not necessarily on the grand jury, that the district judge did not believe justified—given the lack of any real indicia of improprieties. He did not abuse his discretion in denying Scott's request.

We address, finally, Scott's contention that the district court should have granted him a hearing on his charge that the Government unlawfully withheld evidence from the grand jury by dismissing prospective witnesses who would have given testimony favorable to him. Section 9–11.334 of the United States Attorney's manual directs prosecuting attorneys to present to the grand jury "substantial evidence which directly negates" the inference of the subject's guilt. Scott presented the district court with no concrete evidence suggesting that the Government attorneys breached that duty. He did not, indeed, even make a sufficient allegation. His petition simply alleged that some persons, unnamed, gave statements to the Government, and that the Government did not bring them before the grand jury but rather turned over records of their statements to I.R.S. Special Agent Witkowski. Scott stood on this conclusory allegation. That the Government turned the statements over to Special Agent Witkowski does not give rise to the inference that the statements were material, much less that they contained substantial evidence directly exculpating Scott. The district court did not act improperly in refusing to order a hearing on the weak basis of Scott's allegation.

The order is AFFIRMED.