In re The Special Grand Jury of The
Honorable Elmo B. HUNTER,
District Judge.

No. 80–0961–CV–W–4.

United States District Court,
W. D. Missouri, W. D.

Aug. 25, 1981.

Sherlye Jeans, U. S. Dept. of Justice, Kansas City, Mo., for Gov't.

Byron Neal Fox, Kansas City, Mo., Stanley Greenberg, Los Angeles, Cal., for movants.

MEMORANDUM AND ORDER DENYING MOTIONS TO DISASSEMBLE GRAND JURY FOR BREACHES OF GRAND JURY SECRECY; FOR PRODUCTION OF DOCUMENTS BY THE UNITED STATES; FOR PRODUCTION OF THE NAMES AND ADDRESSES OF GRAND JURORS AND OTHER PERSONS PRIVY TO THE GRAND JURY PROCEEDINGS; FOR AN EVIDENTIARY HEARING; AND THAT THE PROSECUTOR BE PROHIBITED FROM PRESENTING EVIDENCE UNTIL THE ISSUES RAISED BY THIS MOTION ARE RESOLVED

ELMO B. HUNTER, District Judge.

Nick Civella, through his attorney, Byron Neal Fox, on October 27, 1980, filed his

Motion to Disassemble the Special Federal Grand Jury empaneled on October 1, 1980 by this Court on counsel's allegation that it appears that officials connected with the United States Government and/or Grand Jurors may have improperly revealed matters occurring before the Special Grand Jury to unauthorized persons "prior to the return of the indictment in this case in violation of Rule 6(e) of the Federal Rules of Criminal Procedure."

Movant Civella further seeks an Order requiring the United States to produce "any and all written guidelines promulgated by the Department of Justice or the United States Attorney's Office governing the conduct of the Grand Juries, and specifically relating to maintaining the secrecy of the Grand Jury's proceedings."

Movant Civella also moves for "the production of the names and addresses of the Grand Jurors, court reporter and each and every person, other than witnesses, who were present in the Grand Jury room and who were privy to information obtained by the Grand Jury."

Finally, movant Civella requests an evidentiary hearing and that the prosecutor (the United States of America) be prohibited from presenting evidence to the Special Grand Jury until the resolution of this motion.

The motion is accompanied by a Memorandum of Points and Authorities. The United States filed its brief in opposition to this motion.

As factual support for his motion, movant Civella alleges that on or about October 5, 1980, "a television newscast occurred wherein it was disclosed that indictments would be forthcoming in early November (1980) and thereafter the newscaster set out the targets of the indictments to be charged. Hence, it would appear that Grand Jury secrecy has been breached."

It is most noteworthy at this point, and the Court takes judicial notice, that there have been no indictments forthcoming in early November, 1980, or at any time thereafter to this date, that could possibly have

any reference to movant Civella's motion. Nine months have passed and no pertinent indictments have occurred.

This Court therefore deems movant Civella's allegation of a television newscast "leak" as suspicion that had no factual basis.

### Consolidation of Motions

Even so, on April 27, 1981, Carl Civella through his attorney moved this Court to join movant's motion filed January 27, 1981, in Case No. 80–1010–CV–W–4 with movant Nick Civella's pending motion to Disassemble the Special Grand Jury, etc. Movant Carl Civella's motion of January 27, 1981 followed the Nick Civella Motion to Disassemble, and, additionally, called to the Court's attention January 11, 1981, newspaper articles published in the Chicago Sun-Times under date of January 11–12, 1981.

Also on April 29, 1981, Joseph Agosta and Anthony Civella, in separate written motions through their respective counsel filed motions similar to the Carl Civella Motion, and also asked for consolidation of these motions with the motion of Nick Civella for hearing and ruling. They sought to have the Court exercise certain specific supervisory control over the Special Grand Jury including the giving of additional instructions to preserve an unbiased Special Grand Jury.

On April 3, 1981, movant Nick Civella through his attorney sought joinder of the mentioned motions. The other movants have indicated that desire to have a consolidation occur. The Government has announced it has no opposition to such joinder. Hence, this Court does now consolidate all of these mentioned motions for the purpose of their consideration and ruling.

### The Government's Affidavit Evidence

On January 28, 1981, the Government filed its Consolidated Response to the Motions. In it the Government asserts that to its knowledge and belief there has been no information concerning the Grand Jury investigation of the mentioned movants which has been released by Government

counsel or agents in violation of Rule 6(e), Federal Rules of Criminal Procedure, Department of Justice regulations, local Court rules, or pertinent legal standards.

The Government has attached in support of this statement as Exhibits D–1, D–2 and D–3, the affidavits of David B. B. Helfrey, Sheryle L. Jeans and Edward D. Holmes, indicating that they are the attorneys primarily responsible for the presentation of evidence involving the movants to the Special Grand Jury; that they have not made statements to or caused the release of protected Grand Jury information to the news media; or otherwise improperly disclosed any information concerning the investigation; and that they are unaware of any other government representative having done so. The Government also submitted to the Court in camera other material supportive of the Government's responses.

### Rule 6(e) F.R.C.P.

The pertinent law, Rule 6(e), Federal Rules of Criminal Procedure, is clear. Generally, it continues the traditional practice of secrecy on the part of the members of the Grand Jury and the Government officials participating in Grand Jury proceedings, subject to a few limited exceptions, none of which exceptions are applicable here.

The 1979 Amendment to 6(e) requiring recording of all Grand Jury proceedings, except when the Grand Jury is deliberating or voting, is intended to preclude prosecutorial over-reaching before the Grand Jury.

### Burden of Proof

■ It is incumbent upon movants to support their charges contained in their motions. If their charges appear to have a basis in fact, the District Court in the exercise of its sound discretion can order a hearing and grant reasonable discovery in connection therewith. Such a hearing and discovery is not to be lightly granted. The movant bears a heavy burden.

One is not entitled to a hearing to satisfy his unsupported suspicions. See *Lawn v. United States*, 355 U.S. 339, 78 S.Ct. 311, 2

L.Ed.2d 321; *United States v. Dixon*, 538 F.2d 812. This is especially so when the appropriate officials of the Government under oath have denied any and all charges of wrongful conduct. Care must be taken so that mere suspicion does not result in an investigation by the Government being turned into an investigation of the Government. See *In re Millow*, 529 F.2d 770 (2d Cir. 1976).

■ The Law provides that persons who may be charged by a federal grand jury are entitled to have an impartial and unbiased grand jury determine whether or not the particular person should or should not be indicted. It is also the law that a grand jury should not be delayed, disrupted or otherwise hindered in carrying out its investigative functions absent compelling reasons supported by appropriate facts. In *Matters of the Special Grand Jury 1977*, 587 F.2d 889, 892, states, "persons charging irregularities in the course of grand jury proceedings must present 'a concrete basis' supporting the inference of misconduct." Thus, the law gives to the Court a sound discretion to determine whether a hearing is required and discovery should be granted, as requested by movants.

### Newspaper Leaks

■ As earlier indicated, the suspected November, 1980 newspaper "leak" of impending indictments turned out to be speculation unsupported by any evidence of improper action by government officers. The later newspaper articles of January 11, 12, 1981 in the Chicago Sun-Times newspaper also are not evidence of any violation of Rule 6(e) F.R.C.P. or of improper action by the government. The unspecified sources in the newspaper stories are not particularized and do not indicate government or government agent misconduct. Newspaper reporters often and adeptly attribute information they have to confidential or unnamed sources. Stories appear equally as often without any source indication. A careful reading of these particular newspaper stories fails to demonstrate or indicate

that there has been a leak of confidential grand jury matters in violation of Rule 6(e) F.R.C.P. or in violation of federal law. It is simply that movants have become suspicious as a result of those articles and other events they mention.

### Grand Jury Charge

As noted, the Special Grand Jury was empaneled on October, 1980 and at that time was fully and accurately charged as to its duties, responsibilities and authority. There is no need to repeat or to enlarge upon that charge. On the contrary, the Grand Jury charge was not only complete but in all respects provides sufficient guidance to the Grand Jury in carrying out its lawful function. There is no contention that the Grand Jury charge was in any particular insufficient or incorrect. There is no need to give additional or different charges from those earlier given.

### Conclusion

Unsupported suspicion and mere assertions of Government misconduct such as charged here, are insufficient to serve as the basis of such disclosure, and other action as is sought by movants. To rule otherwise would result in an unreasonable and unsupported disruption of authorized Grand Jury proceedings. The instructions previously given to the Special Grand Jury are adequate. No further instructions are needed. There is no indication that the Special Grand Jury is other than completely fair and impartial in the discharge of its duties.

Therefore, movants' respective motions are found to be without merit and are hereby each denied.