673 F.2d 211
 In re the Grand Jury of the Honorable Elmo B. HUNTER, United
States District
Judge. Appeal of Nick CIVELLA, Carl Civella, Anthony
Civella, and Joseph Agosto.
 No. 81-1954.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 10, 1982.
Decided March 1, 1982.
 
 Oscar B. Goodman, Las Vegas, Nev., for appellant Nick Civella.
 Byron Neal Fox, Kansas City, Mo., for appellants Nick Civella, Carl Civella, and Anthony Civella.
 Stanley I. Greenberg, Los Angeles, Cal., for appellant Joseph V. Agosto.
 Robert G. Ulrich, U. S. Atty., W. D. Missouri, Sheryle L. Jeans, Atty., U. S. Dept. of Justice, Kansas City, Mo., for appellee.
 Before HEANEY and ARNOLD, Circuit Judges, and OVERTON, District Judge.
 PER CURIAM.
 
 
 1
 Appellants moved the District Court[1] to "disassemble" a sitting grand jury on the ground that certain news stories demonstrated that the government had committed a breach of the secrecy of the grand jury in violation of Fed.R.Crim.P. 6(e). The District Court found that the offending television broadcast turned out to be mere speculation about what the grand jury might do, and that the newspaper articles complained of, when closely read, did not particularize any governmental misconduct. Characterizing the appellants' allegations as "(u)nsupported suspicion and mere assertions of Government misconduct," In re the Special Grand Jury, 520 F.Supp. 1020, 1023 (W.D.Mo., 1981), the District Court denied relief.
 
 
 2
 We affirm, substantially for the reasons stated in the District Court's opinion. See 8th Cir.R. 14. The publicity in In re Grand Jury Investigation, 610 F.2d 202 (5th Cir. 1980), in which a district court was ordered to inquire into possible government misconduct, was both more specific and more extensive than the news stories involved here.
 
 
 3
 Another matter requires brief discussion. This case was set for oral argument on Wednesday, February 10, 1982. Counsel for the United States appeared. Counsel for appellants did not. The Court was not informed that counsel for appellants could not be present, nor has any reason been given for their absence, although they requested that the case be set for argument (Brief for Appellants p. ii). Their absence is not only a discourtesy to the Court, but the occasion of inconvenience and expense to the appellee. We therefore direct counsel for the government, within ten days of the filing of this opinion, to file with the Clerk of this Court an affidavit setting forth the actual expenses of his attendance on the day fixed for the oral argument. The Clerk will then enter an order taxing this amount as costs against counsel for appellants personally. We understand that government counsel was required to be in attendance the day before, Tuesday, February 9, 1982, for another case, so the costs to be assessed against appellants' lawyers will be limited to the expenses of government counsel's having to remain in St. Louis an extra day. If counsel for appellants can show just cause why the costs indicated should not be assessed against them, we will reconsider this order. See Fed.R.App.P. 46(c). Any such showing must be made within ten days of the filing of this opinion.
 
 
 4
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Hon. Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri