**In re GRAND JURY SUBPOENAS ON Bernard M. BARRETT, Jr., M.D., et al., Petitioners-Appellants.**

No. 86–2681.

United States Court of Appeals, Fifth Circuit.

May 19, 1987.

---

Edward D. Urquhart, Silvia T. Hassell, Charles Escher, Urquhart & Hassell, Houston, Tex., for petitioners-appellants.

William Whitledge, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Henry K. Oncken, U.S. Atty., James R. Gough, U.S. Atty., Houston, Tex., Robert Lindsey, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

Before THORNBERRY, GEE, and JONES, Circuit Judges.

THORNBERRY, Circuit Judge:

A federal grand jury is currently investigating Dr. Bernard M. Barrett, Jr. to determine whether he violated the criminal provisions of the Internal Revenue Code. Before the grand jury investigation began, Special Agent Michael O. Hanson had conducted an administrative investigation of Barrett for the Internal Revenue Service ("IRS"). After the IRS referred the case to the Department of Justice, which authorized a grand jury investigation, Agent Hanson was designated to assist Assistant U.S. Attorney Nancy Pecht in conducting the grand jury investigation. According to the government, the IRS and the Department of Justice usually assign the IRS special agent who conducted the administrative criminal investigation within the IRS to assist the government attorney conducting the grand jury investigation.

Before transferring to the Criminal Division of the U.S. Attorney's office in February 1986, Pecht served in the Civil Division of that office. During her tenure in the Civil Division, Pecht represented the government in a proceeding to enforce an IRS summons issued by Hanson to obtain the records of Barrett's professional corporation. *See United States v. Barrett*, 787 F.2d 958 (5th Cir.), *withdrawn and new opinion substituted*, 804 F.2d 1376 (1986), *reh'g en banc granted*, 812 F.2d 936 (1987). She also worked on another summons enforcement action to obtain records relating to Barrett from four hospitals, *see United States v. Texas Heart Institute*, 755 F.2d 469 (5th Cir.1985), and served as local counsel for Department of Justice Tax Division attorneys in Barrett's damage suit against the United States. In that suit, Barrett alleged that Hanson had improperly disclosed the criminal investigation of Barrett in violation of 26 U.S.C. § 6103. *See Barrett v. United States*, 795 F.2d 446 (5th Cir.1986).

Barrett filed the present action to quash certain grand jury subpoenas, obtain a protective order barring further subpoenas, and terminate the grand jury investigation. Barrett alleged that Pecht and Hanson were misusing the grand jury to gain an advantage in defending the damage action and that they both had a conflict of interest that disqualified them from participating in the grand jury investigation. Following a hearing, the district court refused to impede the grand jury in any way.

Barrett does not specify how the government has used the grand jury investigation to aid its defense of Barrett's civil suit. For example, Barrett alleges no unauthorized disclosure of grand jury material to the attorneys defending the government in the civil action. Barrett attacks the *validity* of the grand jury, not specific irregularities (*e.g.*, illegal disclosures of secret information) that injure him independently of the investigation itself. Barrett admits that in general the government may investigate him through the grand jury. His sole argument, therefore, is that Pecht and Hanson improperly instituted this grand jury and that they have a conflict of interest.

Barrett's initial pleading combined a motion to quash four grand jury subpoenas, a motion for a protective order, a motion for a temporary restraining order, and a complaint seeking an injunction to prevent further grand jury investigation of him. Barrett appeals only the denial of injunctive relief. On August 29, 1986, the district

court entered an order that stated, "Motion to Quash Grand Jury Subpoenas Denied." That order contains no reference to Barrett's other motions. After reading the transcript of the hearing on Barrett's motions, however, we conclude that the district court denied all the relief that Barrett requested, including the request for an injunction.

The government argues that Barrett may not appeal the district court's refusal to terminate the grand jury. In *In re Grand Jury Investigation,* Bert Lance complained that government lawyers violated the secrecy provisions of Rule 6(e). 610 F.2d 202 (5th Cir.1980). The Fifth Circuit held that Lance could appeal the district court's denial of his motion for sanctions (including dismissal of the grand jury and sanctions against Department of Justice lawyers). According to the court,

> The harm Lance alleges is capable of repetition, and if we were to require completion of the discrete criminal trial processes before permitting review, we would deny any efficacious remedy. Acquittal or conviction would so obscure the claim of a personal remedy for grand jury irregularity as to render it meaningless. Lance's request for relief has practical viability only while the resultant criminal proceeding is executory. Unless we provide a remedy now, the harm would be rendered unreviewable. The situation is thus analogous to an interlocutory civil order which the *Cohen* doctrine would make appealable. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

*Id.* at 212–13. The court did not address Lance's request to dismiss the grand jury, because, "The return of the indictment ... moot[s] Lance's request that the grand jury be dismissed. To attack the validity of the grand jury proceedings, he must now seek to dismiss the indictment." *Id.* at 213.

*In re Grand Jury Investigation* expressly adopted the reasoning of *In re Special April 1977 Grand Jury,* 587 F.2d 889 (7th Cir.1978). In that case, William J. Scott,

the Attorney General of Illinois, sought to prevent illegal disclosures of grand jury material. Stressing the fact that Scott would have no meaningful review unless allowed to appeal immediately, the Seventh Circuit held that the district court's order was final under 28 U.S.C. § 1291. The court, however, distinguished another Seventh Circuit case that had reached the opposite conclusion on jurisdiction.

> [T]he [*In re Special March 1974 Grand Jury* ] Court applied the exceptional circumstances doctrine and held the order nonappealable because the corporation
>
>> failed to demonstrate how a denial of review will leave it powerless eventually to correct an injustice on a plenary review after the grand jury has ceased its investigation and the criminal trial has been conducted.

*In re Special April 1977 Grand Jury,* 587 F.2d at 891 (quoting *In re Special March 1974 Grand Jury,* 541 F.2d 166 (7th Cir. 1976)).

Both the Fifth Circuit in *In re Grand Jury Investigation* and the Seventh Circuit in *In re Special April 1977 Grand Jury* stressed that the claims of unauthorized disclosure would be effectively unreviewable after trial. In those cases, the subject of the investigation alleged harm that was independent from the grand jury investigation itself. Barrett, however, challenges the validity of the grand jury investigation, and he can show no specific irregularities such as unauthorized disclosures of grand jury materials. Barrett may attack the validity of the grand jury by moving to quash any subsequent indictment. Therefore, the reasoning of both *In re Grand Jury Investigation* and *In re Special April 1977 Grand Jury* argue against allowing Barrett's appeal.

To be appealable, Barrett's claim must fall "within 'the limited class of cases where denial of immediate review would render impossible any review whatsoever....' " *In re Special April 1977 Grand Jury,* 587 F.2d at 891 (quoting *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971)). Other circuits have dismissed appeals from district court

orders that rejected claims very similar to Barrett's. *See, e.g., In re Subpoenas to Local 478,* 708 F.2d 65, 70–71 (2d Cir.1983) (union moved to terminate grand jury investigation because of government harassment); *In re April 1977 Grand Jury Subpoenas,* 584 F.2d 1366, 1368–70 (6th Cir. 1978) (motion to disqualify IRS lawyer from participation in grand jury investigation because he participated in civil audit). We hold that the district court's refusal to terminate the grand jury investigation is not final under 28 U.S.C. § 1291 because Barrett may obtain appellate review of his claims after the grand jury finishes its investigation.

DISMISSED.