April 7, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1207

ADAN SALAZAR,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Francis J. Boyle, U.S. District Judge]

Before

Torruella, Cyr and Boudin,
Circuit Judges.

Adan Salazar on brief pro se.

Per Curiam. Adan Salazar appeals the district

court's denial of his request to vacate or provide for

installment payments of a stand committed fine imposed on him

in 1987 after he pled guilty to conspiring to distribute

cocaine and possessing with intent to distribute cocaine. We

affirm.

In a letter, Salazar asked the district court to

vacate his committed fine, or to permit its payment in

installments while he was on parole. He asked for relief

from the fine because he had been scheduled to be released on

parole, but his parole had been made contingent on the fine

being paid or "otherwise disposed of by law." Salazar told

the court that, given his earning power while incarcerated,

he could not pay the fine. Given his allegedly poor health,

he also suggested that the fine "flirt[ed] on the rim of the

Eighth Amendment ban on Cruel or Unusual Punishment."

The district court treated Salazar's letter as a

motion to correct a sentence under Fed. R. Crim. P. 35 and

denied it as untimely. The version of Rule 35 applicable to

Salazar, whose offenses were committed in 1984, provided that

a court could correct an "illegal sentence" at any time, but

that it could correct a sentence "imposed in an illegal

manner" only within 120 days after the date of sentencing or

within 120 days after the date of the last appellate

disposition upholding the judgment of conviction. The court

found that Salazar's fine was not an illegal sentence since

it was not "ambiguous, contradictory, incomplete, uncertain,

or unauthorized", nor was it "in excess of the statutory

maximum allowable for the charges [or] in conflict with any

applicable law." Given Salazar's allegation that "proper

consideration [had] not [been] given to his ability to pay

the fine," the court concluded that Salazar was challenging

the manner in which his sentence had been imposed. Because

his challenge had not been brought within the requisite 120

days, it denied his request for relief.

In its decision, the district court determined a

purely legal question -- whether the fine was an "illegal

sentence" which could be corrected at any time under Rule

35(a). Given Salazar's argument to the court that presently

he could not pay the fine and the court's position that the

fine had been within the statutory maximum and not contrary

to other law when imposed, we interpret the court's opinion

to signify that a fine, which was legal when imposed, does

not become illegal simply because the defendant cannot pay

the fine when it comes due. The only case on point which we

have found supports the court's conclusion. In United States

v. Blanton, 739 F.2d 209 (6th Cir. 1984), the Sixth Circuit

considered whether a district court could vacate a fine as an

"illegal sentence" where the defendant had the means to pay

the fine at the time it was imposed, but did not at the time

the fine was due. It found that the defendant's subsequent

inability to pay the fine would not render the fine an

illegal sentence for Rule 35 purposes since, when imposed,

-3-

the fine had been authorized by "the judgment of

conviction."1 Id. at 211-12.

Although the district court's decision has support

in precedent, we would not confine the analysis to Rule 35.

We think that Salazar's request could also have been treated

as a 28 U.S.C. 2255 motion, which is not subject to Rule

35's time limitations. See, e.g., United States v. Santora,

711 F.2d 41, 42 (5th Cir. 1983) ("[m]indful of the liberality

accorded pro se filings, we . . . construe [defendant's] ill-

styled Rule 35 pleading as a request for relief under

2255"). Accordingly, we proceed to resolve the merits of

Salazar's claim.

Salazar seems most concerned with the committed

nature of his fine in light of his impending parole. To the

extent he believes that he will remain in prison until the

fine is paid, and that he will never obtain release because

1. In Blanton, the district court had determined that the

fine was an "illegal sentence" which could be corrected at
any time under Rule 35(a). Once the defendant had lost the
means to pay the fine, the court reasoned, it became illegal
under Supreme Court law forbidding the incarceration of
persons solely because they could not pay their committed
fine. But the Sixth Circuit noted that that law was
inapplicable since the defendant was not actually
incarcerated. Although Salazar is presently incarcerated,
the reasoning in the Blanton case applies nonetheless because

Salazar will not remain incarcerated if he cannot pay the
fine. If shown to be indigent, Salazar will be released from
prison. See 28 U.S.C. 3569 (a prisoner may obtain his

discharge without paying his committed fine by showing that
he is an indigent and by taking an oath to that effect).
Thus, Salazar's position is essentially the same as that of
the defendant in Blanton.

-4-

his earning power in prison is too low to permit him to pay

the fine in his lifetime, he need not worry. Upon showing

that he is indigent, he may obtain his discharge even if he

has not paid his fine. See 28 U.S.C. 3569, supra footnote

1.

Salazar also appears to be alleging that the

committed portion of the fine was illegal at the time the

fine was imposed because he could not pay the fine at that

time. As a general matter, courts have long been regarded as

having the authority to impose committed fines. See United

States v. Estrada de Castillo, 549 F.2d 583, 585 (9th Cir.

1976) (Hufstedler, J., concurring specially). The only

qualification was that a prisoner could not be confined for

not paying a fine if it was his indigence alone that

prevented him from paying the fine. See Tate v. Short, 401

U.S. 395, 397-98 (1971) (equal protection violation to

confine a person solely because he did not have the means to

pay a fine); Williams v. Illinois, 399 U.S. 235, 240-41, 244

(1970) (equal protection violation to extend a person's

prison term solely because indigency made it impossible for

the person to pay a fine). Because defendants sentenced both

to a prison term and a committed fine could obtain a

discharge of the committed portion of the fine under 28

U.S.C. 3569 when their prison term ended, they have been

found to have no standing to challenge the committed portion

-5-

of the fine on the basis of alleged indigence as of the time

the fine was imposed. See, e.g., United States v. Levy, 897

F.2d 597, 598 (1st Cir. 1989) (so holding and citing similar

cases from other circuits). Thus, Salazar's alleged

indigency at the time of sentencing provides no basis under

the Constitution for challenging his committed fine.

Nor was the district court required by statute to

consider Salazar's ability to pay the fine at sentencing.

Salazar's offenses were committed before December 31, 1984.

At that time, 18 U.S.C. 3565, relating to the collection

and payment of fines and penalties, did not require a

sentencing court to consider ability to pay in imposing a

fine. The Criminal Fine Enforcement Act of 1984 amended

section 3565 to permit the imposition of committed fines only

if the court found "by a preponderance of the information

relied upon in imposing sentence that the defendant has the

present ability to pay a fine or penalty." See 18 U.S.C.

3565(a)(1) (now repealed). But it applied only to offenses

committed after December 31, 1984. See Publ. L. 98-596,

10, 98 Stat. 3134, 3138. Likewise, 18 U.S.C. 3622 (now

repealed), which specifically required a sentencing court to

consider a defendant's "income, earning capacity, and

financial resources" before imposing a fine, applied only to

offenses committed after December 31, 1984. Id. Under the

law applicable to Salazar, therefore, the district court had

-6-

no statutory obligation to consider Salazar's ability to pay.

See United States v. Wilfred American Educational Corp., 953

F.2d 717, 719 & n.1 (1st Cir. 1992) (summarily dismissing a

corporation's claim that imposition of the maximum statutory

fine was invalid under 18 U.S.C. 3622(a) because the

sentencing court had not considered its ability to pay the

fine since the conduct for which the fine had been imposed

had occurred before December 31, 1984).

Indeed, before the Criminal Fine Enforcement Act

(and thereafter the Sentencing Guidelines) became effective,

a district court had very broad discretion in imposing

sentences as long as they were within the statutory maximum,

and sentences within the statutory maximum were virtually

unreviewable on appeal. See H.R. Rep. No. 906, 98th Cong.,

2d Sess., 1984 U.S.C.C.A.N 5433 passim (commenting on the

changes the Criminal Fine Enforcement Act would make in a

sentencing judge's discretion, particularly respecting a

defendant's ability to pay); United States v. Dominguez, 951

F.2d 412, 416 (1st Cir. 1991) (on appeal, appellants

challenged a fine which was within the statutory maximum,

claiming that they were indigent; this court stated that

"[t]hat matter . . . is for the district court to take into

account. We cannot review, in that respect, a pre-Guidelines

sentence."), cert. denied, 112 S. Ct. 1960 (1992); United

States v. Gomez-Pabon, 911 F.2d 847, 862 (1st Cir. 1990) ("In

-7-

a pre-Guidelines case, the sentencing judge has very broad

discretion in determining the appropriate punishment in a

particular situation. . . . An appellate court will

ordinarily not review a sentence unless it exceeds statutory

limits or 'is so disproportionate to the offense for which it

was imposed that it constitutes cruel and unusual

punishment.'") (citations omitted), cert. denied, 111 S. Ct.

801 (1991). Our pre-Guidelines cases recognized only a

"narrow exception" to this general rule. We would overturn a

sentence if the sentencing court had taken "a rigid,

mechanistic approach" to sentencing, and had not considered

"the individual mitigating circumstances" of the defendant.

United States v. Bernal, 884 F.2d 1518, 1520 (1st Cir. 1989)

(citation omitted). The presentence report

indicates that Salazar's fine of $100,000 was well within the

applicable statutory maximum ($250,000). Accordingly, even

if Salazar had been indigent at the time he was sentenced,

this court would have no basis for reviewing or overturning

his fine unless the court had sentenced him in a "rigid,

mechanistic" fashion. The record before us gives us no

reason to think that the sentencing court imposed Salazar's

fine without considering his individual circumstances.

Salazar pled guilty to cocaine charges, and the

government recommended the maximum term of twenty years in

prison and the maximum fine of $250,000. The plea agreement

-8-

was non-binding and gave Salazar the right to argue for a

lesser sentence. He appears to have done so. His

submissions to this court include a letter written by him

which is dated January 21, 1987, the date he was sentenced.

In the letter, Salazar told the court that he did not own a

house or other property and that the value of his possessions

was less than $10,000. Salazar's presentence report

indicated that a year or two before sentencing Salazar had

received $40,000 for selling a house which he had owned for

ten years. The presentence report confirmed that Salazar's

known assets were under $10,000. It reported that Salazar

had been employed regularly before his arrest and that he had

indicated that he earned $7/hour when employed. It further

noted that drug records showing sales of over $1 million were

found in an apartment which Salazar had lived in shortly

before his co-defendants were arrested and which Salazar had

vacated shortly thereafter, although the records were not in

Salazar's handwriting. At sentencing, the district court

imposed a fine of $100,000, less than half the $250,000

permitted by the statute and recommended by the government.

According to Salazar, the district court chose that amount

because Salazar's co-defendants had stated that they had paid

him $100,000 for cocaine in 1984.

From the above, it appears that the court did take

into account the particular facts relating to Salazar's

-9-

situation. It did not impose the maximum fine, but imposed a

fine reflecting the amount of Salazar's illegal proceeds.

Although, obviously, money received by Salazar in 1984 might

well have no longer been in his possession as of 1987 when he

was sentenced, he had also received $40,000 in 1985 or 1986

for the sale of his house and he appeared to be able to

obtain employment on a regular basis. In addition, the court

reasonably might have believed that the drug records showing

sales in excess of $1 million found in an apartment recently

occupied by Salazar, though not in Salazar's handwriting,

reflected Salazar's cocaine receipts.

In light of the above, it is clear that Salazar's

fine did not violate the Eighth Amendment prohibition against

cruel and unusual punishment. See United States v. Pilgrim

Market Corporation, 944 F.2d 14, 22 (1st Cir. 1991) (a fine

of less than one-half the statutory maximum and one-half the

government's recommended fine was not excessive under the

Eighth Amendment); United States v. Bernal, 884 F.2d 1518,

1520-21 (1st Cir. 1989) (a 30-year prison sentence imposed on

a 62-year old defendant was not cruel and unusual punishment

because it was within the statutory maximum established by

the legislature as appropriate punishment for the offense);

United States v. Dixon, 538 F.2d 812, 814 (9th Cir.)

(imposing a committed fine was not cruel and unusual

punishment), cert. denied, 429 U.S. 959 (1976).

-10-

The judgment of the district court is affirmed.

-2-